UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LALA MAHA MAQADDEM,

      Plaintiff,

      v.

LOUIS SEPE, et al.,

      Defendants.

No.  2:23-cv-01956-DAD-AC

ORDER

Plaintiff, who is proceeding in pro se, filed this case on September 12, 2023 and paid the filing fee.  ECF No. 1.  The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

In this case, the claims arose in Los Angeles California at the Airport Courthouse.  ECF No. 1 at 4.  The plaintiff lists herself as a resident of Washington DC, and plaintiff identifies the government defendant as residing in Washington DC, and all remaining defendants as residing in Los Angeles, California.  Id. at 1-2.  It does not appear that any events took place, or any parties

reside, within the Eastern District of California.  Therefore, plaintiff's case should have been filed in the United States District Court for the Central District of California.  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

DATED: October 5, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2